1  Kevin W. Kirsch, SBN 166184
   *Email: kkirsch@bakerlaw.com*
2  Andrew E. Samuels, admitted *Pro Hac Vice*
   *Email: asamuels@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   200 Civic Center Drive, Suite 1200
4  Columbus, OH 43215-4138
   Telephone:  614-228-1541
5  Facsimile:   614-462-2616

6  Veronica A. Reynolds, SBN 330199
   Email: vreynolds@bakerlaw.com
7  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
8  Los Angeles, CA 90025-0509
   Telephone:  310-820-8800
9  Facsimile:   310-820-8859

10 Attorneys for Plaintiff
   ZADRO PRODUCTS, INC.
11
12 Aaron R. Hand (SBN 245755)
   ahand@bdiplaw.com
13 Hillary N. Bunsow (SBN 278719)
   hillarybunsow@bdiplaw.com
14 **BUNSOW DE MORY LLP**
   701 El Camino Real
15 Redwood City, CA 94063
   Telephone: (650) 351-7248
16 Facsimile: (415) 426-4744

17 Attorneys for Defendant
   FEIT ELECTRIC COMPANY, INC.

18
19            **IN THE UNITED STATES DISTRICT COURT**
20            **CENTRAL DISTRICT OF CALIFORNIA**
21                     **SOUTHERN DIVISION**

22 ZADRO PRODUCTS, INC.,            | Case No.:  8:20-cv-00101-JVS-DFM
23         Plaintiff,
24     v.                            | **[PROPOSED] PROTECTIVE ORDER**
25 FEIT ELECTRIC COMPANY, INC.,
26         Defendant.
27
28

1. <u>DEFINITIONS</u>

   1.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   1.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   1.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under <u>Fed. R. Civ. P. 26(c)</u>.

   1.4. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Highly Confidential documents include, without limitation, documents regarding products in development that have not been released or proposed changes to the features or functionality of current products, documents relating to current or future strategic initiatives or proposed initiatives, documents that would otherwise qualify for trade secret protection under the Uniform Trade Secret Act, documents regarding competitive strategy, costing, sourcing, and pricing, documents identifying non-public customers/partners or customer/partner interactions or constituting or regarding customer/partner negotiations, and sensitive financial documentation. The "Highly Confidential – Attorneys' Eyes Only" designation shall not be broadly applied and the parties anticipate that the majority of the documents will not receive this highest level of designation.

   1.5. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.8. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and their support staff and agents.

1.10. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation and his or her staff who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or consultant of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee or consultant of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in

1  other settings that might reveal Protected Material, including but not limited to
2  briefs, memoranda or expert reports.

3. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4. **DESIGNATING PROTECTED MATERIAL**

   4.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify – so that materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   4.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or the bottom of each page that contains protected

1  material or in a prominent place if placing the heading at the top or the bottom of
2  the page is not practical. A Producing Party will also include the applicable
3  confidentiality designation in electronic discovery load file(s).  In the event that an
4  electronic document is produced in a manner that does not provide for labeling of
5  the document's image (e.g., a document produced in native format), the
6  confidentiality designation will be included in the load file and on any related slip
7  sheet(s).
8       A Party or non-party that makes original documents or materials available
9  for inspection need not designate them for protection until after the inspecting
10  Party has indicated which material it would like copied and produced. During the
11  inspection and before the designation, all of the material made available for
12  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13  ONLY." After the inspecting Party has identified the documents it wants copied
14  and produced, the Producing Party must determine which documents, or portions
15  thereof, qualify for protection under this Order, then, before producing the
16  specified documents, the Producing Party must affix the appropriate legend
17  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18  ONLY") at the top or bottom of each page that contains Protected Material or in a
19  prominent place if placing the header at the top or bottom of the page is not
20  practical.
21       (b)   <u>For testimony given in deposition or in other pretrial or trial</u>
22  <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony
23  identify on the record, before the close of the deposition, hearing, or other
24  proceeding, all protected testimony, and further specify any portions of the
25  testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
26  ONLY." When it is impractical to identify separately each portion of testimony
27  that is entitled to protection, and/or when it appears that substantial portions of the
28  testimony may qualify for protection, the Party or non-party that sponsors, offers,

or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) or in writing within three (3) days after the completion of the deposition or proceeding, a right to have up to 20 days, following receipt of the transcript, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.3. <u>Failures to Designate</u>. If timely corrected, a failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material

was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    5.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. After the initial meet and confer, if the Designating Party wishes to maintain its designation, it must within 5 calendar days of the meet and confer session provide its basis for the designation in writing. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    5.3.    <u>Judicial Intervention</u>. Failing resolution after completing the meet and confer process outlined in section 5.2, the party objecting may seek judicial intervention. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

    6.1.   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    6.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)   No more than three (3) officers, directors, or counsel ("Company Representatives") of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). The parties have identified the following individuals as their respective Company Representatives:

    For Plaintiff Zadro Products, Inc.:

        Zlatko Zadro

        Becky Zadro

        Michael J. FitzGerald, Esq.

    For Defendant Feit Electric Co., Inc.:

          John D. Mitchell, Jr., Esq.

          Aaron Feit

          (3rd Individual to be Disclosed at a Later Date)

Signed copies of Exhibit A of the Company Representatives shall be provided to the Producing Party before any Confidential Information is disclosed to the Company Representative.

    (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)    The Court and its personnel;

    (e)    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    Any person who authored and/or received the Confidential Information sought to be disclosed to that person or any deponent when the examining attorney has a good faith basis to believe the deponent is the author and/or received the particular Confidential Information.

    (g)    Mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror.

    6.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of record in this action who are not directly involved in the prosecution or drafting of patent applications or representing the Receiving Party before the United States Patent and Trademark Office in connection with patent prosecution or post-grant or reexamination proceedings, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation

(e) Mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who knows any person employed or affiliated with either party to this action; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror.

6.4. "Protected" Information or Items to "Experts".

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employers, (4) identifies each person or entity from whom the Expert has received compensation

for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the previous five years and (5) identifies (by name and number of the case, filing date and location of the court) any litigation in connection with which the Expert has provided any professional services during the preceding five years. If disclosure of the identity of the entity for which the work is being performed is confidential and deemed proprietary by the Expert, then the subject matter of the work being performed shall be identified with reasonable specificity;

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose necessary Protected Material to the identified Expert unless, within ten (10) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached over a timely written objection, the party objecting may seek judicial intervention. No disclosure of the Protected Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and judicial intervention is sought, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(d)     In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must, where allowed by law or the terms of the subpoena or order, so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order or before a production is due (whichever time period is shorter). Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the terms and procedures set forth in Local Rules of the Central District of California, the Federal Rules of Civil Procedure, and CM/ECF Procedures, or applicable appellate rules as appropriate.

10. <u>DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT INFORMATION</u>. If a Producing Party produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Upon receiving written notice, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice. The Producing Party shall be obligated to separately retain these "clawed back" materials, and to identify such materials on a Privilege Log. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney- client privilege or work

1  product immunity or should be produced for reasons other than a waiver caused
2  merely by the production. Any such challenge must be limited to information
3  contained in the privilege log.  After the return of the document(s), the Receiving
4  Party may challenge the Producing Party's claim(s) of privilege or work-product
5  by making a motion to the Court. Unless previously explicitly waived in writing,
6  the disclosure of any privileged or immune documents shall not be deemed a
7  waiver of that privilege or immunity as to any other documents, testimony, or
8  evidence. Any analyses, memoranda, or notes which were generated based upon
9  privileged or protected information that has been clawed back under this provision
10 shall immediately be destroyed, or placed in sealed envelopes pending the
11 resolution of any dispute regarding the clawback, and must be destroyed or deleted
12 from any networks.
13 11.   <u>ORDER UNDER RULE 502(d)</u>.  The production or disclosure of
14 documents, information, or other material by any Party or third-party in connection
15 with this proceeding is subject to the provisions of Rule 502(d), which provides
16 that any production or disclosure of any information (whether inadvertent or
17 otherwise) that is subject to any applicable privilege or protection shall not be
18 deemed a waiver of any privilege or protection in connection with the litigation
19 pending before this court, and shall not serve as a waiver in any other federal or
20 state proceeding. The production or disclosure of materials or information in
21 connection with the proceeding, whether by a Party or third-party, shall not be
22 deemed a publication so as to void or make voidable whatever claim a party may
23 have as to the proprietary and confidential nature of the documents, information or
24 other material or its contents. This provision constitutes an Order under Federal
25 Rules of Evidence 502(d), and should be interpreted to provide the broadest
26 protections available under that Rule.
27 12.   <u>FINAL DISPOSITION</u>.  Unless otherwise ordered or agreed in writing by
28 the Producing Party, within sixty calendar days after the final termination of this

action (including any appeals), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above. To the extent that Protected Material is maintained on a law firm's back-up or archival storage systems, counsel may meet the obligations imposed by this paragraph by certifying that such information is not readily accessible, would be prohibitively difficult to remove, and will be overwritten or erased in the normal course of business.

13. MISCELLANEOUS

13.1. <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3. <u>Counsel's Right to Provide Advice</u>. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Protected Material, nor the source of any Protected Material, to anyone not authorized to receive such Protected Material pursuant to the terms of this Protective Order.

14. <u>OTHER PROCEEDINGS</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

| | |
|---|---|
| BAKER & HOSTETLER LLP | BUNSOW DE MORY LLP |
| By: /s/ *Kevin W. Kirsch* | By: /s/ *Aaron R. Hand* |
| Kevin W. Kirsch | Aaron R. Hand |

Kevin W. Kirsch (SBN 166184)
kkirsch@bakerlaw.com
Andrew E. Samuels (admitted *PHV*)
asamuels@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616

Veronica Reynolds (SBN 330199)
vreynolds@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Attorneys for Plaintiff
ZADRO PRODUCTS, INC.

Aaron R. Hand (SBN 245755)
ahand@bdiplaw.com
Hillary N. Bunsow (SBN 278719)
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

Attorneys for Defendant
FEIT ELECTRIC COMPANY, INC.

## DECLARATION REGARDING CONCURRENCE

I hereby certify that the content of this document is acceptable to Aaron R. Hand, counsel for Feit Electric Company, Inc.

By: /s/ *Kevin W. Kirsch*
Kevin W. Kirsch

IT IS SO ORDERED.

SIGNED this 10th day of June, 2020.

_____
Douglas F. McCormick
UNITED STATES MAGISTRATE JUDGE